IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSAN RAJKARAN SINGH,            )
                                )
        Petitioner,             )
                                )
v.                              )        Case No. CIV-26-414-D
                                )
JOSHUA JOHNSON, et al.,         )
                                )
        Respondents.            )

## ORDER

Petitioner Josan Rajkaran Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on or about May 13, 2022, and was released on bond. Thereafter, Petitioner applied for asylum. Petitioner was re-detained on February 18, 2026, and he has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to "individuals like [Petitioner] who previously entered and are now residing in the United States." [Doc. No. 1, at 9]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner contends he is being held in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq*. (INA). Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

1

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 7]. The matter is fully briefed and at issue.

Respondents argue that Petitioner has failed to invoke this Court's jurisdiction by citing to 28 U.S.C. § 2241(c)(5), instead of § 2241(c)(3). Section 2241(c)(5) permits the courts to extend the writ of habeas corpus to a prisoner where "[i]t is necessary to bring him into court to testify or for trial," where Section 2241(c)(3) permits extending the writ of habeas corpus to a prisoner where he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3), (5). Viewing the allegations of the Petition [Doc. No. 1], to include Petitioner's explanation that habeas corpus "afford[s] … a swift and imperative remedy in all cases of illegal restraint or confinement[,]" the Court is confident that Petitioner's reference to Section 2241(c)(5) was a scrivener's error. The Court thus deems Petitioner's Petition amended to reflect the basis of the Court's jurisdiction as 28 U.S.C. § 2241(c)(3), not (5). *See Gonzalez v. Noem*, No. CIV-26-131-HE (W.D. Okla. Feb. 24, 2026) ("In their briefing, respondents argue petitioner has not properly invoked the court's jurisdiction because he relies upon 28 U.S.C. § 2241(c)(5) in support of jurisdiction for habeas relief. However, it is clear to the court the § 2241(c)(5) citation is a clerical error and deems the petition amended to rely upon 28 U.S.C. § 2241(c)(3) as support of such jurisdiction.").

Next, Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison,

2

§ 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin*, 2025 WL 3645176, at *4. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez*, 2026 WL 18932, at *1; *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, No. 25-3248, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 27th day of March, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.